IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| EX REL RODNEY REPKO, | : | |
| | : | Civil Action No. 4: 04-CV-1556 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| GUTHRIE CLINIC, P.C., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**M E M O R A N D U M**

March 12, 2008

**BACKGROUND:**

On July 19, 2004, plaintiff-relator Rodney Repko commenced this civil

action with the filing of a complaint against defendants Guthrie Clinic, P.C.

("Clinic"), Guthrie Healthcare System, Inc. ("GHS"), Robert Packer Hospital

("Hospital"), Kevin Carey, and Terence Devine.  Plaintiff-relator's complaint sets

forth a cause of action based on the False Claims Act ("FCA"), and was filed under

the qui tam provisions of the act which authorize private individuals to bring a civil

action in the name of the United States.  31 U.S.C. § 3730(b).

On June 6, 2006, the United States filed a notice of election declining to

intervene in the action.  (Rec. Doc. No. 27.)  On June 8, 2006, we ordered that the

1

complaint be unsealed and served upon the defendant.  (Rec. Doc. No. 28.)  On

October 6, 2006, plaintiff-relator filed an amended complaint.  (Rec. Doc. No. 29.)

On October 12, 2007, with defendants' permission, plaintiff-relator filed another

amended complaint, which removed Kevin Carey as a defendant.

On December 3, 2007, defendants filed a "Motion to Dismiss Plaintiff and

Relator's Third[1] Amended Complaint and to Strike."  (Rec. Doc. No. 67.)  On

January 11, 2007, relator filed a "Motion to Amend and Plead Even More Specifics

if Necessary."  (Rec. Doc. No. 75.)  The motions are now ripe for consideration.

For the following reasons, the court will grant in part and deny in part defendants'

motion to dismiss and will deny relator's motion to amend as moot.


**DISCUSSION:**

### I.  Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), the court must view all allegations stated in the complaint as

true and construe all inferences in the light most favorable to plaintiff.  Hishon v.

King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183

---

[1] Although both parties refer to this complaint as the "third amended complaint" and it is
the third complaint that has been filed in this case, it appears to us to be only the second
amended complaint.  Nevertheless, for the sake of clarity, we will also refer to it as the third
amended complaint.

(3d Cir. 1993).  In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint.  Kost, 1 F.3d at 183.  At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint.  Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).  A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not plead enough facts to state a claim to relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007).

The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding."  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  Id. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  Id. at 327.

## II.  Allegations in the Complaint

The following allegations are taken from relator's lengthy third amended complaint.  (Rec. Doc. No. 64.)  In his complaint, relator alleges that he was

3

employed by defendant Clinic from 1982 to 1998.  (Id., ¶ 7.)  Defendant Clinic is a

professional corporation that employs over 240 physicians, the majority of whom

are the shareholders of the organization.  (Id. ¶ 8.)  Defendant GHS is a nonprofit

corporation and holding company for the defendant Hospital.  (Id. ¶ 9.)  Defendant

Guthrie Health is a nonprofit corporation formed by Clinic and GHS.  (Id. ¶ 10.)

Defendant Hospital is a nonprofit corporation with a 250-bed acute healthcare

facility.  (Id. ¶ 12.)  Furthermore, every physician with active staff privileges at

defendant Robert Packer Hospital is employed by Clinic.  (Id. ¶ 12.)

Relator appears to allege that every claim that defendant Hospital submitted

to the government for payment was the result of referrals from physicians

employed by Clinic.   (Id. ¶¶ 52, 109, 110, 136.)  Furthermore, GHS and Hospital

entered into various financial agreements with Clinic which were favorable to

Clinic, such as loans at low interest rates.  (Id. ¶¶ 42-108.)  Thus, in exchange for

these favorable financial agreements, defendant Clinic and its physicians would

refer large volumes of patients to Hospital who would in turn bill Medicare,

Medicaid, and other government health care programs.  (Id. ¶ 108.)  Relator alleges

that these referrals and financial agreements violated the Stark and Anti-Kickback

Acts.  (Id.)  Therefore, because every claim that was submitted to the government

for payment was the result of these illegal referrals and kickbacks, every claim

4

necessarily violated the FCA.  (Id.)

The third amended complaint sets forth various counts.  Count I alleges a claim under the FCA for the presentation of false claims to the government in violation of 31 U.S.C. § 3729(a)(1).  (Rec. Doc. No. 64, ¶¶ 174-76.)  Count II alleges a claim under the FCA for the use of false records or statements to get a claim paid by the government in violation of 31 U.S.C. § 3729(a)(2).  (Id. ¶¶ 177-79.)  Count III alleges a claim under the FCA for retaliation in violation of 31 U.S.C. § 3730(h).  (Id. ¶¶ 180-82.)  Count IV alleges a common law claim for unjust enrichment.  (Id. ¶¶ 183-86.)  Count V alleges a common law claim for mistake of fact.  (Id. ¶¶ 187-191.)  Count VI alleges a claim under the FCA for concealment in violation of 31 U.S.C. § 3729(a)(7).  (Id. ¶¶ 192-93.)  Count VII alleges a claim for circumvention under the Stark Law.  (Id. ¶¶ 194-96.)  Count VIII alleges another FCA violation for the presentation of false claims.  (Id. ¶¶ 197-201.)  Count IX alleges a claim under the FCA for the employment of excluded physicians.  (Id. ¶¶ 202-07.)  Finally, Count X alleges a claim under the FCA for conspiracy in violation of 31 U.S.C. § 3729(a)(3).  (Id. ¶¶ 208-10.)

### III.  Defendant's Motion

Defendants make various arguments in support of their motion to dismiss. First, they argue, with respect to each of relator's FCA claims, that relator has

failed to plead fraud with particularity.  (Rec. Doc. No. 67, at 16-21.)  Second, they argue that relator has failed to state a claim for conspiracy, concealment, or retaliation under the FCA.  (Id. at 21-27.)  Third, they argue that relator does not have standing to pursue a claim under the Stark Law or common law causes of action for unjust enrichment and mistake of fact.  (Id. at 27-29.)  Fourth, defendants argue that all of relator's claims are barred by the statute of limitations.  (Id. at 30-34.)  Finally, defendants assert that relator's ethical violation warrants striking the allegations in the complaint.  (Id. at 34-38.)

## A.  Failure to Plead Fraud with Particularity

Defendants' first argument is that relator has failed to plead fraud with particularity with respect to each of his FCA claims.  Rule 9(b) of the Federal Rules of Civil Procedure states that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity."  Furthermore, Rule 9(f) states that "[a]n allegation of time or place is material when testing the sufficiency of a pleading."  The purpose of this rule is to "provide defendants with notice of the precise misconduct that is alleged and to protect defendants' reputations by safeguarding them against spurious allegations of immoral and fraudulent behavior."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997).

The FCA prohibits the submission of false or fraudulent claims for payment to the federal government.  31 U.S.C. § 3729.  Relator does not appear to dispute that Rule 9(b) applies to a claim brought under the FCA.  See United States ex rel. Lacorte v. SmithKline Beecham Clinical Labs., Inc., 149 F.3d 227, 234 (3d Cir. 1998).  In stating a claim under the FCA, "details concerning the dates of the claims, the content of the forms or bills submitted, their identification numbers, the amount of money charged to the government, the particular goods or services for which the government was billed, the individuals involved in the billing, and the length of time between the alleged fraudulent practices and the submission of claims based on those practices" are the types of information that may help a relator state his or her claim with particularity.  United States ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 232 (1st Cir. 2004).  Yet, this is not a mandatory checklist of what must be included in the complaint.  Id.

Defendants argue that relator has not pled fraud with particularity because he has not identified a single false claim that was submitted to the government.  (Rec. Doc. No. 67, at 18.)  Yet, we note that in his opposition brief, relator argues that he need not identify each false claim because every claim that was submitted to the government during the relevant time period was false because it was the result of referrals that were illegal under the Stark Law (42 U.S.C. § 1395nn) and Anti-

7

Kickback Law (42 U.S.C. § 1320a-7b).  (Rec. Doc. No. 81, at 1-4.)  Defendant

responds to this argument by reiterating that relator has failed to plead his FCA

violation with particularity as well as failed to allege Stark and Anti-Kickback

violations with particularity.  (Rec. Doc. No. 86, at 8-17.)

 We believe that relator has pled fraud with sufficient particularity in the

instant case.  Although defendants suggest that plaintiff is required to attach some,

or even all of the false claims that were submitted to the government, and we

would agree in most instances, we do not believe that doing so in the instant case

would advance the purposes of Rule 9(b).  Relator has alleged that <u>every</u> claim

submitted to the government by Hospital during the relevant time period was

fraudulent.  This is because each of these claims was the result of a referral that

was allegedly illegal under the Stark and Anti-Kickback laws.  Thus, the theory is

that the certification of compliance with the Stark and Anti-Kickback laws that was

on each claim rendered each claim false.  <u>United States v. Rogan</u>, 459 F.Supp.2d

692, 717 (N.D.Ill. 2006) (stating that "[t]he submission of [claims] in violation of

the Stark Statute constitutes a violation of the FCA." ); <u>see</u> <u>United States ex rel.</u>

<u>Schmidt v. Zimmer, Inc.</u>, 386 F.3d 235, 243 (3d Cir. 2004).  Furthermore, relator

has discussed in great detail why each referral was illegal under these statutes,

having discussed various agreements entered into by Hospital, Clinic, and GHS

from paragraphs 33 to 108, which spans a total of twenty-eight pages in the third amended complaint and includes various attachments.  (Rec. Doc. No. 64, ¶¶ 33-108.)  Therefore, we find that attachment of some or all of the allegedly fraudulent claims would serve no further purpose consistent with Rule 9(b) because defendants are on notice that the basis of the alleged fraud in each claim is the relationship between defendants, not anything unique to a particular claim, that has caused these claims to be allegedly fraudulent.  Therefore, we believe defendants are on notice of the conduct that is alleged to have occurred, and will deny defendants' motion to the extent it seeks dismissal based on a failure to plead fraud with particularity.

B.  Relator's FCA Conspiracy Claim

Defendants argue that relator has failed to state a claim with respect to his FCA conspiracy claim because he has not made any allegations as to which defendant conspired with whom, when the conspiracy was formed, or how it accomplished its objectives.  (Rec. Doc. No. 67, at 23.)  31 U.S.C. § 3729(a)(3) creates liability under the FCA for any person who "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid."  In order to establish a claim under § 3729(a)(3), the relator must allege that 1) the defendant conspired with one or more persons to get a false or fraudulent claim allowed or

paid by the United States and 2) that one or more of the coconspirators performed

any act to get a false or fraudulent claim allowed or paid." <u>United States ex rel.</u>

<u>Atkinson v. Pennsylvania Shipbuilding Co.</u>, 255 F.Supp.2d 351, 409 (E.D.Pa.

2002) (Yohn, J.) (citations omitted).

In the instant case, we believe that the relator has sufficiently pled a claim of

conspiracy under the FCA.  As we have already mentioned, relator has alleged that

defendants entered into an agreement whereby GHS and Hospital would give

Clinic various financial support in exchange for Clinic's referring large volumes of

patients to Hospital.  Furthermore, relator has alleged that acts in furtherance of

this conspiracy were committed because he has alleged that each of defendants

followed through on their part of the agreement, meaning that Clinic actually did

refer large volumes of patients to Hospital and that Hospital and GHS did give

Clinic various financial support.  Therefore, we believe that this is sufficient to

state a claim for conspiracy under the FCA.

<u>C.  Relator's FCA Concealment Claim</u>

Defendants also argue that relator's claim for concealment under the FCA

also fails to state a claim.  (Rec. Doc. No. 67, at 23-25.)  Specifically, defendants

argue that relator simply alleges that defendants submitted false claims and

concealed not paying the money back, which is not sufficient for a claim of

concealment under the FCA.  (<u>Id.</u> at 24.)  31 U.S.C. § 3729(a)(7) creates liability

for any person who "knowingly makes, uses, or causes to be made or used, a false

record or statement to conceal, avoid, or decrease an obligation to pay or transmit

money or property to the Government."  We agree with defendants that relator has

failed to state such a claim.  Section 3729(a)(7) pertains to fraud that is committed

in the reverse fashion of an ordinary false claim, meaning that instead of

fraudulently submitting a claim for payment to the government, the defendant has

fraudulently concealed an obligation to pay the government.  We do not believe it

is sufficient that defendants have simply concealed something, because any fraud

necessarily requires concealment of the fraud by failing to disclose it.

Furthermore, it is not sufficient that defendants have concealed their obligation to

pay back the fraudulently obtained funds, because this would result in every

violation of § 3729(a)(1) necessarily resulting in a violation of § 3729(a)(7) as

well.  Therefore, because relator has not alleged an obligation to pay money to the

government and a fraudulent concealment of that obligation, we will dismiss Count

VI of the third amended complaint.

D.  Relator's FCA Retaliation Claim

         Defendants argue that relator's retaliation claim under the FCA fails because

this claim is time-barred and because relator has failed to allege any adverse action

11

taken against him as a result of his FCA action.  (Rec. Doc. No. 67, at 25-27.)  As a

preliminary matter, we note that relator has not addressed these arguments in his

opposition brief, which appears to indicate that relator is abandoning his retaliation

claim.  Furthermore, even addressing the merits of this claim, we agree with

defendants that such a claim would be time-barred.  The Supreme Court has ruled

that a retaliation claim under the FCA must be brought within the limitations

period prescribed by the most closely analogous state statute.  <u>Graham County Soil</u>

<u>& Water Conservation Dist. v. Wilson</u>, 545 U.S. 409, 422 (2005).  Pennsylvania's

most closely analogous statute would be its whistleblower law, which sets forth a

time period of 180 days of the alleged violation in which to bring an action.  43

P.S. 1424; <u>see</u> <u>Graham</u>, 545 U.S. at 419 n. 3 (finding that Pennsylvania's

Whistleblower law is the most closely analogous statute in Pennsylvania).  Relator

has alleged that he was retaliated against by forcing him out of his employment and

denying him certain compensation, which occurred in 1998.  (Rec. Doc. No. 64, ¶¶

7, 182)  Still, the initial complaint was not filed until 2004, which is well beyond

the statutory period.  Therefore, we will dismiss Count III of the third amended

complaint.

<u>E.  Relator's Standing to Pursue Stark Law and Common Law Claims</u>

        Defendants assert that relator does not have standing to pursue claims based

on a violation of the Stark Law (Count VII) as well as his common law claims for

unjust enrichment (Count IV) and payment by mistake of fact (Count V).  (Rec.

Doc. No. 67, at 27-29.)  Relator argues in his opposition brief that despite the

government's initial decision not to intervene in the instant case, it maintains a

right to intervene at a later date, and would be able to assert such claims if it were

to decide to do so.  (Rec. Doc. No. 81, at 22.)  Therefore, it would make no sense

to dismiss these claims at this time.  (<u>Id.</u>)

As for defendants' argument regarding relator's Stark Law claim, we agree

with defendants that relator does not have standing to pursue a claim for a violation

of the Stark Law.  As we have mentioned, the FCA permits a <u>qui</u> <u>tam</u> relator to

bring a claim on behalf of the government, which equates to a partial assignment of

the government's damages to the relator and allows the relator to satisfy the injury-

in-fact standing requirement.  <u>See</u> <u>Vermont Agency of Natural Resources v. United</u>

<u>States ex. rel Stevens</u>, 529 U.S. 765, 773 (2000).  The Stark Law simply does not

contain the same provision.  Therefore, there has not been a partial assignment of

the government's damages in a Stark Law claim to a relator.  Despite relator's

argument that the government may still intervene in this case, it presumably

understood that in declining intervention, the relator would only be able to pursue

such claims for which the assignment has been statutorily legislated.  Finally, we

13

note that relator has not cited any cases in which a relator has been permitted to

pursue a Stark Law claim in connection with an FCA claim.  Therefore, we find

that relator does not have standing to pursue his Stark Law claim, and we will

dismiss Count VII of the complaint.  Nevertheless, we note the alleged violations

of the Stark Law are still at issue in this case due to the fact that they form the basis

of the alleged false claims that were submitted to the government.

We find that the same reasoning applies to relator's common law claims of

unjust enrichment and mistake of fact.  There has not been an assignment of the

government's damages claim to a relator and he therefore does not have standing

to pursue such a claim.  United States ex rel. Rockefeller v. Westinghouse Elec.

Co., 274 F.Supp.2d 10, 13 (D.D.C. 2003) (holding that relator cannot pursue

common law claims on behalf of government and citing numerous cases with same

holding).  Therefore, we will dismiss Counts IV and V of the third amended

complaint.


F.  Are the FCA Claims Time Barred?

Defendants' next argument in their motion to dismiss is that the claims set

forth in the third amended complaint are time-barred.  (Rec. Doc. No. 30, at 30-

34.)  Specifically, they argue that the third amended complaint was filed on

October 12, 2007, and that all the claims set forth in the third amended complaint pertain to violations that were allegedly committed more than six years prior to this date, which is the statutory period set out in the FCA.  (Id. at 31.)

The FCA states that an action may not be brought "more than 6 years after the date on which the violation of [the FCA] is committed" or "more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances," whichever is the later date.  31 U.S.C. § 3731(b).  Yet, in the latter situation, the maximum extension of the statute of limitations is a period of ten years.  Id.  § 3731(b)(2).

As a preliminary matter, we believe that the date the initial complaint was filed, not the date the third amended complaint was filed, is the operative date for the purposes of our calculation pursuant to Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure.  Rule 15(c)(1)(B) states that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading.  Although defendants cite United States v. The Baylor Univ. Med. Ctr., et al., 469 F.3d 263, 268 (2d Cir. 2006) for the proposition that Rule 15(c)(1)(B) is not applicable in the instant case because of the sealing provision of the FCA, we

15

do not believe the ruling of that case is applicable to the instant case.  In <u>Baylor Univ. Med. Ctr.</u>, the government filed a complaint-in-intervention approximately eight years after the relator filed the original complaint and the Second Circuit ruled that the government's complaint-in-intervention did not relate back to the relator's original complaint.  <u>Id.</u> 268-69.  Yet, the instant case involves an amended complaint by the relator who filed the original complaint, not a complaint-in-intervention by the government.  Furthermore, the amended complaint clearly arises out of the same occurrences as were set forth in the original complaint and the defendants have clearly been on notice of these claims since the unsealing of the original complaint.  Finally, we note that defendants gave their permission for relator to file the third amended complaint, so it hardly makes sense to use that date for the purposes of the statute of limitations and then find that claims are barred.  (Rec. Doc. No. 67, at 15.)  Therefore, we find that Rule 15(c)(1)(B) is applicable and will relate the pleading back to the date of the original complaint, which is July 19, 2004.

The next consideration is whether the extension in the FCA for discovery of the fraud is applicable.  As a preliminary matter, we note that we agree with relator that the extension of the statute of limitations for discovery of the fraud is applicable to a relator as well as the government.  <u>United States ex rel. Hyatt v.</u>

Northrup Corp., 91 F.3d 1211, 1214 (9th Cir. 1996).  Furthermore, although

defendants argue that the relator was the General Counsel of defendant Clinic

during the alleged false claims and therefore cannot claim he was unaware of the

fraud during that time (Rec. Doc. No. 67, at 32-33), based on the plain reading of

the statute, it is the government's knowledge, not the relator's knowledge, that is

relevant.  31 U.S.C. § 3731(b)(2) states the action must be brought within three

years from "when facts material to the right of action are known or reasonably

should have been known <u>by the official of the United States charged with

responsibility to act in the circumstances</u>." (emphasis added).  Therefore, because

there is no indication on the face of the third amended complaint that the

government knew or should have known about the alleged FCA violations prior to

the filing of the initial complaint, the statute of limitations does not bar any claim

prior to July 19, 1994, which is ten years prior to the date the original complaint

was filed.  Therefore, we will reject this basis as a ground for dismissing the third

amended complaint.

<u>G.  Do Alleged Ethical Violations Warrant Striking Allegations in the Complaint?</u>

Defendants' final claim is that the ethical violations that have been

committed by the relator warrant striking the allegations in the third amended

complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  (Rec.

Doc. No. 67, at 34-38.)  Specifically, defendants argue that relator was the General Counsel of Clinic during the years the FCA violations are alleged to have been committed and that the third amended complaint is clearly based on knowledge he acquired in that role that is subject to confidentiality under state ethical rules.  (Id. at 34.)

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Furthermore, defendants cite Rule 1.6(a) of the Pennsylvania Rules of Professional Conduct in support of their argument.  This rule states that "[a] lawyer shall not reveal information relating to representation of a client unless the client gives informed consent."

Although some of the allegations may contain information that relator learned in the course of his representation of the Clinic, we do not believe this warrants striking the allegations in the complaint pursuant to Rule 12(f).  As a preliminary matter, we note that defendants have not cited any cases in which a court has exercised its authority under Rule 12(f) to strike allegations that appear to be subject to confidentiality.  Furthermore, even if this was a proper means of protecting confidential communications, we believe there would need to be some factual development on whether the information in the third amended complaint

was actually entitled to protection, rather than rule on the face of the document.

Finally, defendants (and relator for that matter) have neglected to discuss Rule

1.6(c)(3) of the Pennsylvania Rules of Professional Conduct, which specifically

states that a lawyer may reveal confidential information "to prevent, mitigate or

rectify the consequences of a client's criminal or <u>fraudulent act</u> in the commission

of which the lawyer's services are being or had been used."  (emphasis added).

This rule appears to be directly applicable to the instant case because the rule

permits an attorney to reveal confidential information in order to rectify an alleged

fraudulent act, such as the filing of a false claim with the government.  Therefore,

we will deny defendants' motion to the extent it seeks to have information stricken

from the third amended complaint.

## IV.  Relator's Motion to Amend

Relator has filed a motion to amend the third amended complaint.  (Rec.

Doc. No. 76.)  Because this motion seeks leave to amend only in the event that we

rule that the third amended complaint does not plead fraud with sufficient

particularity, we will deny this motion as moot.

## CONCLUSION:

Because we find that relator has pled fraud with sufficient particularity, we

will deny defendants' motion to the extent it seeks dismissal based on Rule 9(b) of

the Federal Rules of Civil Procedure.  Furthermore, we find that the third amended

complaint is not subject to dismissal based on the FCA statute of limitations.

Similarly, we will deny defendant's motion to dismiss to the extent it seeks

dismissal of relator's FCA conspiracy claim for failure to state a claim.  Yet, we

find that relator does not have standing to pursue a claim under the Stark law or

common law claims of unjust enrichment and mistake of fact and will dismiss

Counts IV, V, and VII.  Similarly, we find that relators' retaliation claim under the

FCA is time barred and will dismiss Count III.  Additionally, relator's concealment

claim under the FCA fails to state a claim and therefore Count VI will be

dismissed.  Finally, we will deny defendants' motion to the extent it seeks to strike

the allegations in the third amended complaint.


                                         s/ James F. McClure, Jr.

                                         James F. McClure, Jr.
                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
EX REL RODNEY REPKO,              :
                                 :          Civil Action No. 4: 04-CV-1556
                    Plaintiff,   :
                                 :
        v.                       :
                                 :          (Judge McClure)
GUTHRIE CLINIC, P.C., et al.,    :
                                 :
                  Defendants.    :
                                 :

**O R D E R**

March 12, 2008

For the reasons set forth in the accompanying memorandum,

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.     To the extent defendants' "Motion to Dismiss Plaintiff and Relator's

       Third Amended Complaint and to Strike" seeks dismissal based on

       failure to plead fraud with particularity, the motion is DENIED.  (Rec.

       Doc. No. 67.)

2.    To the extent defendants' "Motion to Dismiss Plaintiff and Relator's

Third Amended Complaint and to Strike" seeks dismissal based on

failure to state a claim, the motion is GRANTED in part and DENIED

in part.  Counts III, IV, V, VI, and VII of the third amended complaint

are dismissed.  All remaining counts are permitted to proceed.

3.    To the extent defendants' Motion to Dismiss Plaintiff and Relator's

Third Amended Complaint and to Strike." seeks to have certain

information stricken from the third amended complaint, the motion is

DENIED.

4.    Relator's motion to amend the third amended complaint is DENIED

as moot.  (Rec. Doc. No. 75.)

5.    Defendants shall file an answer to the remaining counts of the third

amended complaint (Counts I, II, VIII, IX and X) on or before April 1,

2008.


    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge