IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| EX REL RODNEY REPKO, | : | |
| | : | Civil Action No. 4: 04-CV-1556 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| GUTHRIE CLINIC, P.C., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**O R D E R**

June 18, 2008

**BACKGROUND:**

On July 19, 2004, plaintiff-relator Rodney Repko commenced this civil action with the filing of a complaint against defendants Guthrie Clinic, P.C., Guthrie Healthcare System, Inc., Robert Packer Hospital, Kevin Carey, and Terence Devine. Plaintiff-relator's complaint sets forth a cause of action based on the False Claims Act, and was filed under the qui tam provisions of the act which authorize private individuals to bring a civil action in the name of the United States. 31 U.S.C. § 3730(b).

On June 6, 2006, the United States filed a notice of election declining to intervene in the action. (Rec. Doc. No. 27.) On June 8, 2006, we ordered that the

1

complaint be unsealed and served upon the defendant. (Rec. Doc. No. 28.) On October 6, 2006, plaintiff-relator filed an amended complaint. (Rec. Doc. No. 29.) On October 12, 2007, with defendants' permission, plaintiff-relator filed another amended complaint which removed Kevin Carey as a defendant. (Rec. Doc. No. 64.)

The parties are now conducting discovery. On April 18, 2008, defendants filed a "Motion to Compel Production of Relator's Initial Disclosures and for Sanctions." (Rec. Doc. No. 91.) On April 29, 2008, plaintiff-relator filed a motion for sanctions. (Rec. Doc. No. 102.) Both motions are ripe for disposition. For the following reasons, we will grant defendants' motion and deny plaintiff-relator's motion.

**DISCUSSION:**

### I. Defendant's Motion to Compel and Motion for Sanctions

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure states:

> A party must, without awaiting a discovery request, provide to the other parties:
>
> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

2

    (ii)    a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

    (iii)    a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

    (iv)    for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Furthermore, Rule 37(a) authorizes a motion for an order compelling initial disclosures. Specifically, Rule 37(a)(3)(A) authorizes a party to move to compel disclosure if a party fails to make a disclosure required by Rule 26(a).

In their motion, defendants contend that plaintiff-relator failed to comply with this requirement. Specifically, they argue that rather than make initial disclosures as required by Rule 26, plaintiff-relator merely pointed to exhibits attached to the second amended complaint as well as several other exhibits and stated that this constituted compliance with Rule 26(a)(1)(A). (Rec. Doc. No. 93, at 4.)

3

In his response, plaintiff-relator states that Rule 26(a)(1)(B)(vi) explicitly precludes this case from the initial disclosure requirements because this is "an action by the United States to recover benefit payments." (Rec. Doc. No. 104, at 1.) Furthermore, plaintiff-relator contends that even if the initial disclosure requirement applied to this action, he has fully complied by submitting exhibits attached to the complaint as well as other exhibits, which include names and addresses of doctors employed by defendant Clinic. (Id. at 2.) Furthermore, he contends that he has subsequently filed a formal initial disclosure. (Rec. Doc. No. 107.)

We do not agree with plaintiff-relator that this case is exempt from the initial disclosure requirement. The government has declined to intervene in this case. (Rec. Doc. No. 27.) As defendants correctly note, the United States is not a party to a qui tam action when it has declined to intervene. U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., 474 F.Supp.2d 75, 80 (D.D.C. 2007). Furthermore, we note that plaintiff-relator has cited no cases holding that the exemption in Rule 26(a)(1)(B)(vi) is applicable when the government has declined to intervene. Therefore, we hold that the exemption is not applicable because this is not "an action by the United States" and therefore, plaintiff-relator was required to comply with the initial disclosure requirements of Rule 26(a). Furthermore, we

conclude that submitting exhibits attached to the complaint as well as other exhibits, which may include names and addresses of doctors employed by defendant Clinic, is insufficient to constitute compliance with Rule 26(a).  Rule 26(a) requires disclosure of names and addresses of individuals likely to have discoverable information, a copy of all documents the disclosing party has in its possession to support its claims or defenses, and a computation of damages including documentary and other evidentiary material on which the computation is based.  Simply pointing to a pile of documents hardly complies with this rule, even if the documents contain some of the information required by Rule 26(a).

Yet, as we noted, plaintiff-relator has subsequently filed what is titled "Initial Disclosures of Plaintiff Relator" on April 29, 2008 (Rec. Doc. No. 107), which was after defendants filed the instant motion to compel.  Although this disclosure contains a list of witnesses, it does not contain a computation of damages with evidentiary support.  Therefore, we find that the disclosure is inadequate and will grant the portion of defendant's motion which seeks to compel initial disclosures.  We will order plaintiff-relator to more fully comply with Rule 26(a) and to disclose a calculation of alleged damages with documentary support.

As mentioned, defendants' motion also requests that the court impose sanctions for plaintiff's failure to comply with Rule 26(a).  Rule 37(c) permits

imposition of sanctions for failure to disclose a witness as required by Rule 26(a). Specifically, the rule states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Furthermore, the rule permits the court to "order payment of the reasonable expenses, including attorney's fees, caused by the failure." Although we are doubtful due to plaintiff-relator's failure to raise the issue prior to the filing of his brief in opposition to defendant's motion to compel, plaintiff-relator may have had a good faith belief that he was not required to comply with Rule 26(a) due to the exemption listed in 26(a)(1)(B)(vi). There is a lack of case law concerning the applicability of 26(a)(1)(B)(vi) to a False Claims Act proceeding in which the government has declined to intervene. Although we have ruled that the exemption does not apply, an argument to the contrary is certainly not frivolous. Therefore, we will decline to impose sanctions for plaintiff-relator's failure to comply. Yet, we inform plaintiff-relator that we will not hesitate to impose sanctions in the event that he fails to more fully comply with the initial disclosure requirement as we have ordered him to do.

## II. Plaintiff's Motion for Sanctions

Plaintiff-relator has filed a motion for sanctions against defendant on the ground that they failed to provide initial disclosures pursuant to Rule 26. As defendants correctly point out, counsel for plaintiff-relator has not included a certification pursuant to Rule 37(a)(5)(A)(i) of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules for the Middle District of Pennsylvania that he has conferred with defendants' counsel in a good faith effort the resolve the issue. Even if defendants have in fact failed to comply fully with the initial disclosure requirement of Rule 26, this motion could have been avoided by attempting to confer with defendants to resolve the issue. Therefore, we will deny the motion on this basis and not review the merits of the motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Compel Production of Relator's Initial Disclosures and for Sanctions" is GRANTED in part. (Rec. Doc. No. 91.) We will order plaintiff-relator to more fully comply with the requirements of Rule 26(a) of the Federal Rules of Civil Procedure by July 9, 2008. Yet, we will decline to impose sanctions on plaintiff-relator.

    2.      Plaintiff-Relator's Motion for Sanctions is DENIED.  (Rec. Doc. No. 102.)

<u>s/James F. McClure, Jr.</u>  
JAMES F. McCLURE, JR.  
United States District Judge
