IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| EX REL RODNEY REPKO, | : | |
| | : | Civil Action No. 4: 04-CV-1556 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| GUTHRIE CLINIC, P.C., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PROTECTIVE ORDER**

June 20, 2008

**IT IS HEREBY ORDERED THAT:**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the court will enter the following protective order:

1. If either party believes that a document contains Confidential Information, then the producing party shall stamp the document "CONFIDENTIAL." Only documents bearing the CONFIDENTIAL designation shall be deemed Confidential Information. Transcripts of deposition or trial testimony will be marked "CONFIDENTIAL" by the court reporter at the request of any party.

2. All Confidential Information which is produced in this action shall be

1

used by the non-producing party solely in the course of and for purposes directed related to this action and any appeal therefrom. Confidential Information shall not be used in any other action or proceedings, or for any other purpose, or otherwise be released or made public. Nothing in this Order shall be construed to prevent the use of any Confidential Information at depositions, in pleadings or motions, in a hearing, at trial, or in appeal of this action in the manner set forth in this Order.

3. Plaintiff's counsel, defendants' counsel, and all other individuals covered by the terms of this Order shall not disclose any Confidential Information to any other person, excepting only:

   a) parties to this action;

   b) counsel for parties to this action and any of his or her agents, including without any limitation any expert or consultant, all of whom shall be bound by the terms of this Order;

   c) any potential witness, provided that such person is aware of and agrees to abide by the provisions of this Order; and

   d) the Court.

4. Confidential Information produced in this action, including transcripts

and exhibits, that is presented to or filed with the Court shall be submitted under seal, unless the person producing or designating such Confidential Information otherwise agrees or this court otherwise orders. Such Confidential Information shall be maintained by the Clerk of Court under seal and shall not be made available to persons other than the court or counsel authorized to have access to such Confidential Information by this Order.

5. Confidential Information produced in this action, including transcripts and exhibits, may, subject to the rules of evidence and orders of Court, be used at trial or at any hearing before a judicial officer, under such rules and conditions as the court may provide. In the event that any such Confidential Information is used in any Court proceeding herein, it shall not lose its confidential status through such use, and the parties shall take steps reasonably required to protect its confidentiality during such use.

6. Should any party object to the confidential status of material produced or designated by any person, including transcripts and exhibits, such material shall, until further order of court, be treated as Confidential Information in accordance with the provisions of this Order.

7. Should a party object to the confidential status of material produced or designated as Confidential Information, including transcripts and exhibits, and should such party fail to informally resolve such dispute with the person producing or designating such Confidential Information, the objecting party may submit the matter to this court for resolution.  The designating party shall have fifteen (15) days, or such longer time as the Court may order, to respond to such submission.

8. The following types of information shall constitute Confidential Information for the purposes of this Order:

   a) social security numbers;

   b) medical records;

   c) personnel files including promotion and tenure dossiers of non-parties and ancillary documents;

   d) educational records;

   e) any other information which the parties agree in writing should be confidential; and

   f) any other information which the court determines to be confidential upon request or submission of a dispute by the

       parties.

9. At the conclusion of this litigation, all Confidential Information produced by a party but in the possession of the parties or their attorneys or agents shall be returned to the producing party or destroyed. Deposition transcripts may be retained by the parties, but confidentiality must be maintained after the conclusion of the case. If information marked Confidential because of its source is publicly available, the information obtained from the public source shall not be Confidential even though it is marked as such within the Confidential source file.

10. This Order shall remain in force and effect unless and until modified, superseded, or terminated by written consent of the parties or by Order of the court made upon motion, with notice to the opposing party.

                                s/James F. McClure, Jr.
                                JAMES F. McCLURE, JR.
                                United States District Judge