IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>EX REL RODNEY REPKO, | : | |
| | : | Civil Action No. 4: 04-CV-1556 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Judge McClure) |
| GUTHRIE CLINIC, P.C., et al., | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

June 23, 2009

**BACKGROUND:**

On July 19, 2004, plaintiff-relator Rodney Repko commenced this civil action with the filing of a complaint against defendants Guthrie Clinic, P.C., Guthrie Healthcare System, Inc., Robert Packer Hospital, Kevin Carey, and Terence Devine. Plaintiff-relator's Third[1] Amended Complaint (Rec. Doc. No. 64) sets forth a cause of action based on the False Claims Act, and was filed under the qui tam provisions of the act which authorize private individuals to bring a civil

---

[1] What is titled by plaintiff-relator as the Third Amended Complaint, is actually the Second Amended Complaint. However, since the parties refer to this as the Third Amended Complaint, so to will the court.

1

action in the name of the United States.  31 U.S.C. § 3730(b).

On June 6, 2006, the United States filed a notice of election declining to intervene in the action.  (Rec. Doc. No. 27.)  On June 8, 2006, we ordered that the complaint be unsealed and served upon the defendant.  (Rec. Doc. No. 28.)  On October 6, 2006, plaintiff-relator filed an amended complaint.  (Rec. Doc. No. 29.)  On October 12, 2007, with defendants' permission, plaintiff-relator filed a second amended complaint, titled Third Amended Complaint, which removed Kevin Carey as a defendant.  (Rec. Doc. No. 64.)

The parties are now conducting discovery.   On March 9, 2009, defendants filed a motion to compel discovery responses.  (Rec. Doc. No. 154).  Defendants filed the supporting brief March 18, 2009. (Rec. Doc. No. 156).  Plaintiff-relator filed his opposing brief April 8, 2009.  (Rec. Doc. No. 161).  Defendants filed the reply brief April 22, 2009, thus the matter is ripe for disposition.  (Rec. Doc. No. 164).

Now, for the following reasons we will grant the motion in part and deny it in part.

**DISCUSSION:**

Defendants' motion to compel discovery is seeking full and complete answers to Defendants' First Set of Interrogatories, Defendants' Second Set of

Interrogatories, and Defendants' First Request to Produce; compliance with the court's June 18, 2008 Order for plaintiff-relator to supplement his initial disclosures with damage calculations and documentary support; expenses incurred in filing the instant motion; and sanctions for failure to comply with the court's June 18, 2008 Order.

 1. Motion to compel compliance with the court's June 18, 2008 Order

The instant motion is the second motion by defendants to compel plaintiff-relator to supplement his initial disclosures with damage calculations and evidentiary support for such. (See Rec. Doc. No. 91). On June 18, 2008, this court found that plaintiff-relator is not exempt from the initial disclosure requirement. (Rec. Doc. No. 125). We found plaintiff-relator's initial disclosures were inadequate for various reasons, and ordered him to more fully comply with Rule 26(a) and disclose a calculation of alleged damages with documentary support. We declined to impose sanctions at that time, but warned plaintiff-relator that "we will not hesitate to impose sanctions in the event that he fails to more fully comply with the initial disclosure requirement as we have ordered him to do." Of particular issue in the instant motion is the alleged lack of documentary support provided for the damage calculations provided.

"Plaintiff [-relator's] Amend[ed] Rule 26(A) Disclosure Re: Damages" is

3

attached to defendant's motion as Exhibit L. (Rec. Doc. No. 154-2 at 64-69). Plaintiff-relator has provided a convoluted calculation of damages, while referring to [Third Amended] Complaint Exhibit 10. Third Amended Complaint Exhibit 10 is a chart of Robert Packer Hospital and Guthrie Clinic's "Net Revenue and Payor Mix" for the years 1995 through September 2007. (Rec. Doc. No. 64-11).

In his "Amend[ed] Rule 26(A) Disclosure Re: Damages" plaintiff-relator also refers to "the [d]efendant's internal documents, including the June 2001 documents appended to the March 2003 Jennings Ryan & Kolb report." By way of these documents, which plaintiff-relator has not produced, but asserts are in the possession of defendants, plaintiff-relator calculates damages for Troy Community Hospital, an entity alleged to be a subsidiary of Guthrie Healthcare system, but is not a party to the instant litigation. In addition to Troy Community Hospital, plaintiff-relator provides a damage calculation for Corning Hospital, also not a party to this action. Plaintiff-relator also calculates a 2007 and 2008 damage figure as "adjustments to those figures for 2006, 2007, and 2008, presumably an extrapolation of the figures from Third Amended Complaint Exhibit 10.

Plaintiff-relator also refers to Third Amended Complaint Exhibit 27. (Rec. Doc. No. 64-28). This exhibit lists the damages for GI encounters from 1995-2006 and Ophthalmology encounters from 1995-2005, while noting that these are

preliminary damage calculations subject to increase.

Finally, plaintiff-relator notes that the long-term care and "other" damages need further discovery before calculation can be made.

In his opposition, plaintiff-relator argues he has made every effort to comply with disclosure requirements.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires:

> a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered. . .

Although plaintiff-relator's calculations could have been explained more clearly, he seems to have complied with the requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii) and the calculations have been derived from the formula set forth in the False Claims Act, 31 U.S.C. § 3729 et. seq.

There is little case law regarding the damage calculation required for initial disclosures. However, a case from the Northern District of California provides valuable guidance.

> *Rule 26* does not elaborate on the level of specificity required in the initial damages disclosure. . .
>
> Absent more specific direction from the case law, guidance as to the adequacy of the disclosures must be gleaned from *Rule*

> *26(a)'s* purpose: to "accelerate the exchange of basic information" that is "needed in most cases to prepare for trial or make an informed decision about settlement." Moreover, early disclosure also functions to assist the parties in focusing and prioritizing their organization of discovery.
>
> The meaning of "category" of damages is not clear. Presumably, however, it requires more than merely the broad types of damages ("wrongful death," or "property damage," "bodily injury," etc.). To make the disclosure obligation meaningful, a more detailed specification of damages is apparently required: For example, in a personal injury case, the nature and extent of any injuries suffered must be disclosed, including amounts claimed for "general" damages (pain, suffering or disfigurement) as well as "special" damages (medical bills, lost wages, cost of repairing damaged property, etc.). Moreover, the "computation"of damages required by *Rule 26(a)(1)(C)* contemplates some analysis; for instance, in a claim for lost wages, there should be some information relating to hours worked and pay rate. On the other hand, disclosing a precise figure for damages without a method of calculation may be sufficient in cases where other evidence is developed *e.g.* in the context of a preliminary hearing, and it is appropriate to defer further specification to *e.g.* development of expert testimony.

<u>City and County of San Franscisco, et al. v. Tutor-Saliba Corporation, et al.</u>, 2003 U.S. Dist. LEXIS 17306 (N.D. Cal. 2003), (internal citations omitted).

Plaintiff-relator has used the formula set forth in the False Claims Act to provide a damage calculation. Defendants claim plaintiff-relator failed to provide evidentiary support for his calculation. However, plaintiff-relator

6

has referenced the exhibits and documents allegedly in defendants' possession that were used for the calculation.

The initial disclosure requirement is an ongoing requirement that plaintiffs are obligated to supplement. This is a large, complex case, with discovery still ongoing. We find that at this point in time, plaintiff-relator has complied with the requirements of Fed. R. Civ. P. 26(a)(1)(A)(iii). However, we would be remiss not to point out that if other alleged damages come to light, which plaintiff-relator intends to seek at trial, and he fails to supplement his initial disclosures, he may be prejudiced for not having made the required initial disclosures.

Because we find that plaintiff-relator has complied with both our June 18, 2008 Court Order and the Fed. R. Civ. P. 26(a)(1)(A)(iii) requirements, we will not impose sanctions.

## 2. Motion to Compel responses to First and Second Set of Interrogatories and First Set of Requests to Produce

In addition to moving for a second time to compel initial disclosures, defendants are moving for the first time to compel full and complete answers to Defendants' First Set of Requests for Production of Documents, First Set of Interrogatories, and Second Set of Interrogatories.

When one party refuses to comply with other parties' legitimate discovery

requests, the aggrieved party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1); see Fed. R. Civ. P 37(a)(3). The injured party must also certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Defendants have provided appropriate certification and supporting exhibits. Consequently, the motion is properly before this court.

A. Defendants' First Set of Requests for Production of Documents:

Defendants assert that plaintiff-relator has provided business records of defendants without explaining the origin of the documents, that plaintiff-relator has not confirmed whether or not he has additional responsive documents, has failed to produce a specific videotape, and has not explained the nature of the documents plaintiff-relator is claiming are privileged. In response, plaintiff-relator asserts he has explained the origin of the documents, and does explain the origin of the documents in his opposing brief, he claims he does not have any additional responsive documents, he does not address the issue of the videotape, and he does not address the issue of the privilege log. In its reply brief, defendants cite plaintiff-relator's deposition testimony in which he testified that he

retained 12 boxes[2] of documents from Guthrie Clinic.  Defendants assert that plaintiff-relator has only produced about three and one-half boxes of documents.  Defendants further assert that any attorney-client privilege and/or work product doctrine claims have been waived because plaintiff-relator has not served timely responses to the document requests and because plaintiff-relator has failed to provide a privilege log to support any privilege assertions.   As a result, defendants are asking the court to order plaintiff-relator to produce <u>all</u> documents responsive to Defendants' First Request for Production of Documents.

      We will order plaintiff-relator to produce any "banker's boxes" which have not yet been produced and are responsive to Defendants's First Set of Requests for Production, to confirm whether or not he has any additional responsive documents,  to produce the videotape of plaintiff-relator standing in a large trash dumpster, and to provide a description of the nature of the documents he is claiming are privileged pursuant to Fed. R. Civ. P. 26(b)(5)(ii).  If plaintiff-relator does not provide a description of the documents that he is claiming are privileged

---

[2]Plaintiff did not testify that he had exactly 12 boxes.  The testimony was as follows: "Q.  In total, how many banker's boxes of Guthrie records did you have stored at your home at the time you left to serve your sentence?  A.  I don't know.  Q.  Are you talking more than a dozen?  A.  It would be a guess, but I would say yes.  Q.  Is between the 20 - - between 20 and 50 figure we were using before, is that fair for the amount that you had? A.  I would say that's on the high side. I - - again, I . . ."

in compliance with Fed. R. Civ. P. 26(b)(5)(ii), he risks losing the privilege. See e.g., Get-A-Grip, II, Inc. v. Hornell Brewing Co., 2000 U.S. Dist. LEXIS 11961, *10 (E.D. Pa. 2000).

### B. Defendants' First Set of Interrogatories:

Defendants are requesting that plaintiff-relator supplement his responses to interrogatory numbers 1, 3, 4, 5, 9, 13, 14, 16, and 17. Plaintiff-relator asserts in his response that he has answered all interrogatories adequately, that there is duplication in the three sets of interrogatories that have been served by defendant, and that defendants have posed interrogatories, the response to which is contained in documents in the possession of defendants, which defendants have refused to turn over to plaintiff-relator.

Interrogatory number 1 asks for 12 pieces of information for every loan, note and line of credit plaintiff alleges was provided to Guthrie Clinic by GHS and/or RPH. (Rec. Doc. No. 154-2 at 7). Plaintiff-relator responded that defendants have not provided documents in response to his Request for Production. He further responds by answering two of the 12 pieces of information about two loans - a 14.5 million dollar loan and a 10 million dollar loan. In his third amended complaint, plaintiff-relator refers to, *inter alia*, a 2.5 million dollar loan in 1997-1998, a 10 million dollar loan in 1998-1999, a 1.5 million dollar line

of credit on June 30, 1999, etc. He devotes 29 pages of his third amended complaint to loans to defendants. Plaintiff-relator refers to dozens of loans by dollar amount and year in his third amended complaint. Clearly, plaintiff-relator obtained the information about these dozens of loans from some source in order to file his complaint. (Rec. Doc. No. 64 at 20-49). As his response, plaintiff-relator claims that interrogatory number four of Defendants' Third Set of Interrogatories seeks the same information and plaintiff-relator has provided that information. We disagree. Question four of defendants' Third Set of Interrogatories does not ask for the same information as Question one of Defendants' First Set of Interrogatories. Interrogatory number one of Defendants' First Set of Interrogatories is very clear, and it is very likely, based on the allegations in the third amended complaint, that plaintiff-relator has more information in his possession than what he provided in response to said interrogatory. We will order plaintiff-relator to fully respond to interrogatory number one of Defendants' First Set of Interrogatories.

Interrogatory number 3 asks for the terms and fair market value of the operating and capital leases, subleases and guarantees alleged in the complaint, and for how the terms differed from the fair market value, along with all facts, documents and witness to support the allegations. Plaintiff-relator's response

11

referred to one lease between "[t]he Clinic and GHS" in 1994 and a financing arrangement between the clinic and GHS in 1989. Plaintiff-relator asserts that he does not have access to supporting documents for either of these two transactions. Plaintiff-relator's third amended complaint refers to multiple alleged operating leases, subleases, and guarantees. (Rec. Doc. No. 64 at 20-49 and 56-60). Like the prior interrogatory, plaintiff-relator had some source for making the allegations in his third amended complaint, we believe it is likely that plaintiff-relator has more information available to answer the interrogatory. And like the prior interrogatory, plaintiff-relator claims that Defendants' Third Set of Interrogatories question four is duplicative of its First Set of Interrogatories question one. We disagree. We will order plaintiff-relator to fully respond to interrogatory number three of Defendants' First Set of Interrogatories.

Interrogatories number 4 and 5. Plaintiff-relator's response to these two interrogatories refers to the [third amended] complaint. "An answer should be complete in itself and should not refer to the pleadings." <u>Stabilus, Div. of Fichtel & Sachs Industries, Inc. v. Haynsworth, Baldwin, Johnson and Greaves</u>, 1992 U.S. Dist. LEXIS 16189, **11 (E.D. Pa. 1992), (internal citations omitted). "Plaintiff cannot avoid answering interrogatories by referring the defendant to the complaint, no matter how detailed." <u>Id.</u> We will order plaintiff-relator to fully

respond to interrogatories number four and five of Defendants' First Set of Interrogatories.

Interrogatory number 9 asks how the information contained in the [third amended] complaint was acquired. Plaintiff-relator responded that his information comes from his time working at the clinic. However, defendants assert that many of the allegations relate to events that occurred after plaintiff-relator left the clinic in 1998. Consequently, plaintiff-relator's response is incomplete. We will order plaintiff-relator to fully respond to interrogatory number nine of Defendants' First Set of Interrogatories.

Interrogatory number 13 asks plaintiff-relator to explain how a $40 million transfer provision was illegal and to provide supporting documents. Again, plaintiff-relator refers to the [third amended] complaint, but attempted to furnish an answer. The answer seems to be a theory of plaintiff-relator, and does not fully answer the interrogatory, notably, his answer does not include the requested facts, documents and witnesses to support the allegations. We will order plaintiff-relator to fully respond to interrogatory number 13 of Defendants' First Set of Interrogatories.

Interrogatory number 14 asks about the historical and traditional referral patterns of Guthrie Clinic's patients, and how those patterns were altered by "the

one hospital strategy" and the "1000 Admission Initiative." Plaintiff-relator again refers to the [third amended] complaint, but attempted to provide a response. The response plaintiff-relator provided does not answer the question posed. We will order plaintiff-relator to fully respond to interrogatory number 14 of Defendants' First Set of Interrogatories.

Interrogatory number 16 asks for the names of individuals who authorized billing of Dr. Prince's services, and the facts, documents and witnesses to support the allegations. Plaintiff-relator identifies the names of individuals, but does not respond to the remainder of the interrogatory. We will order plaintiff-relator to fully respond to interrogatory number 16 of Defendants' First Set of Interrogatories.

Interrogatory number 17 asks when plaintiff-relator learned of the alleged illegality and to identify the facts, documents and witnesses on which the allegations are based. Plaintiff-relator fully answered the question, with the exception of identifying witnesses other than himself. To the extent there are witnesses other than plaintiff-relator, we will order plaintiff-relator to supplement his response to interrogatory number 17 of Defendants' First Set of Interrogatories.

### C. Defendant's Second Set of Interrogatories:

Defendants assert that responses to the Second Set of Interrogatories was due January 20, 2009, and that plaintiff-relator has not yet responded. Plaintiff-relator asserts that he provided responses March 11, 2009.[3] In its reply brief, defendants assert that although plaintiff-relator filed responses to Defendants' Second Set of Interrogatories after the instant motion was filed, plaintiff-relator did not verify the responses as required by Fed. R. Civ. P. 33(b)(5), thus, defendants are now only requesting that plaintiff-relator be compelled to provide verified answers.

Plaintiff-relator's response to Defendants' Second Set of Interrogatories does not contain a verification signed by plaintiff-relator. (Rec. Doc. No. 156 at 16-27). We will order plaintiff to provide a verified response to Defendants' Second Set of Interrogatories as required by the Federal Rules of Civil Procedure.

### D. Defendants' request for reasonable expenses and attorney's fees

Defendants have requested that the court order plaintiff-relator to pay the reasonable expenses and attorney's fees incurred in filing the motion, pursuant to Fed. R. Civ. P. 37(a)(5). We will order the defendant to submit a short brief to the court suggesting an appropriate amount. Plaintiff-relator will have ten (10) days

---

[3]Plaintiff-relator asserts that his responses were provided March 11, 2009, prior to when he believes the instant motion was filed, March 18, 2009. The court notes that the instant motion was filed in ECF on March 9, 2009.

15

from the date of service[4] of the brief to file a responsive brief.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion to Compel Discovery Responses is granted in part and denied in part. (Rec. Doc. No. 154).

2. In so far as defendants' motion is to compel compliance with the court's June 18, 2008 Order regarding initial disclosures, the motion is denied.

3. Plaintiff-relator is to produce any "banker's boxes" which have not yet been produced and are responsive to Defendants's First Set of Requests for Production, to confirm whether or not he has any additional responsive documents, to produce the videotape of plaintiff-relator standing in a large trash dumpster, and to provide a description of the nature of the documents he is claiming are privileged pursuant to Fed. R. Civ. P. 26(b)(5)(ii).

4. Plaintiff-relator is to fully respond to interrogatory numbers 1, 3, 4, 5, 9, 13, 14, and 16 of Defendants' First Set of Interrogatories by July 22, 2009.

5. If plaintiff-relator relied on witnesses other than himself to support his allegations, he is to supplement his response to interrogatory number 17 of Defendants' First Set of Interrogatories by July 22, 2009.

6. Plaintiff-relator is to provide a verified response to Defendants'

---

[4]Although plaintiff-relator has various complaints about the electronic case filing system, this ten days begins to run from the date defendants file the motion in the electronic case filing system. Defendants are under no obligation to notify plaintiff of its brief other than by filing it on the electronic case filing system.

Second Set of Interrogatories pursuant to Fed. R. Civ. P. 33(b)(5) by July 22, 2009.

7.  Defendants are to submit a brief to the court suggesting the reasonable expenses and attorney's fees incurred in filing the motion by July 8, 2009.  Plaintiff will have ten (10) days of the date of service of the brief to file a responsive brief.

> s/James F. McClure, Jr.
> JAMES F. McCLURE, JR.
> United States District Judge