IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> EX REL RODNEY REPKO, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> GUTHRIE CLINIC, P.C., et al., : <br> : <br> Defendants. : <br> : | Civil Action No. 4: 04-CV-1556 <br><br><br> (Judge McClure) |

**MEMORANDUM**

January 7, 2010

## I. BACKGROUND

On July 19, 2004, plaintiff-relator Rodney Repko commenced this civil action with the filing of a complaint against defendants Guthrie Clinic, P.C.; Guthrie Healthcare System, Inc.; Robert Packer Hospital; Kevin Carey; and Terence Devine. Plaintiff-relator's Third Amended Complaint[1] (Rec. Doc. No. 64), which sets forth a cause of action based on the False Claims Act, was filed under the qui tam provisions of the Act. These provisions authorize a private individual to bring a civil action in the name of the United States. See 31 U.S.C. §

---

[1] What is titled by plaintiff-relator as the Third Amended Complaint is actually the second amended complaint. However, because the parties refer to this document as the Third Amended Complaint, so will this Court.

3730(b).

On June 6, 2006, the United States filed a notice of election declining to intervene in the action. (Rec. Doc. No. 27). On June 8, 2006, we ordered that the complaint be unsealed and served upon the defendant. (Rec. Doc. No. 28). On October 6, 2006, the plaintiff-relator filed an amended complaint. (Rec. Doc. No. 29). On October 12, 2007, with defendants' permission, the plaintiff-relator filed a second amended complaint, titled Third Amended Complaint, which removed Kevin Carey as a defendant. (Rec. Doc. No. 64.)

On March 9, 2009, defendants filed a motion to compel discovery responses. (Rec. Doc. No. 154). On June 23, 2009, we denied the motion in part and granted the motion in part. (Rec. Doc. No. 167). In its motion to compel, the defendants had requested reasonable expenses and attorney's fees incurred in filing the motion, pursuant to Fed. R. Civ. P. 37(a)(5). We ordered both parties to submit briefs suggesting an appropriate amount. The defendants filed their brief on July 8, 2009. (Rec. Doc. No. 168). Plaintiff-relator filed his brief on July 20, 2009. (Rec. Doc. No. 169). On July 23, 2009, we ordered plaintiff-relator to pay defendants $5,000.00, due within thirty days. (Rec. Doc. No. 170).

On September 19, 2009, the defendants filed a motion for sanctions against the plaintiff-relator (Rec. Doc. No. 179) and a brief in support thereof (Rec. Doc.

No. 180). In their motion, defendants request that this Court dismiss all of the claims asserted by the plaintiff-relator in this case or, in the alternative, bar the plaintiff-relator from introducing evidence pertaining to those issues addressed by the evidence that was allegedly withheld in an improper fashion. (Rec. Doc. No. 179 at 1). The plaintiff-relator filed a brief in opposition on September 29, 2009. (Rec. Doc. No. 181).[2] On October 19, 2009, the defendants filed a reply brief. (Rec. Doc. No. 182).

On November 10, 2009, the plaintiff-relator filed a "Motion Pursuant to Fed. R. Civ. P. 37(c)(1) to Bar the Use of Expert Witnesses and Their Reports Untimely Identified and Produced by Defendants." (Rec. Doc. No. 184-2). The plaintiff-relator filed a brief in support of this motion on the same date. (Rec. Doc. No. 185). On November 19, 2009, the defendants filed a brief in opposition to the

---

[2] Plaintiff-relator is directed to Middle District Local Rule 5.1(c) and is advised to use 14 point font, double-spaced, in future filings. The plaintiff-relator's brief also totals forty-three pages in length, far in excess of the fifteen page limit contained in Local Rule 7.8(b)(1). In addition, the plaintiff-relator has failed to comply with Local Rule 7.8(b)(2), as he has not filed a certificate subject to Fed. R. Civ. P. 11 declaring that the actual number of words contained in the brief do not exceed 5,000. We would point to the defendants' brief in support of their motion for sanctions (Rec. Doc. No. 180) as an example of proper compliance with Local Rule 7.8(b)(2). Rule 7.8(b)(3) declares that no brief exceeding the limits subject to Rule 7.8 may be filed absent prior authorization. While we will accept the brief as filed in the current instance, such flagrant disregard for the local rules will not be tolerated by this Court from the plaintiff in future filings.

plaintiff-relator's motion seeking to preclude the defendants' rebuttal experts. (Rec. Doc. No. 188). The plaintiff-relator has failed to file a reply brief.

Now, for the following reasons, we will grant the defendants' motion for sanctions in part and deny the motion for sanctions in part. In addition, we will deny the plaintiff-relator's motion seeking to preclude the defendants' rebuttal experts.

## II. DISCUSSION

### A. Defendants' Motion for Sanctions

The defendants have requested that this Court dismiss the claims raised by the plaintiff-relator or, in the alternative, bar him from introducing evidence related to those issues addressed by the evidence that was allegedly improperly withheld. (Rec. Doc. No. 179 at 1). In support of this request, the defendants point to ongoing discovery violations committed by the plaintiff-relator and the plaintiff-relator's spoliation of evidence. (Rec. Doc. No. 180 at 10-18). Plaintiff-relator contends that, as he has not violated a discovery order[3], it would be improper for

---

[3] Defendants contend that the plaintiff-relator's failure to pay the $5,000.00 sanction this Court imposed in our July 23, Order supports their request for dismissal of the Third Amended Complaint or, in the alternative, the preclusion of particular evidence. (Rec. Doc. No. 180 at 2-3, 16). The plaintiff-relator claims in his brief in opposition to the motion for sanctions that, after his "counsel became aware that a check for the sanctions had not been cut, he advised that payment would be forthcoming and the check was promptly delivered to Defendants'

4

this Court to dismiss the Third Amended Complaint. (Rec. Doc. No. 181 at 27-30). In addition, plaintiff-relator argues that he did not engage in spoliation of the evidence. Id. at 37-38. As such, it is the plaintiff-relator's position that a dismissal of his claims against the defendants or the preclusion of particular evidence relating to the documents allegedly withheld would be improper. (Rec. Doc. No. 181 at 27-36, 39-42).

The central issue surrounding the instant motion for sanctions is the discovery concerning twelve so-called banker's boxes in the plaintiff-relator's possession. On June 23, 2009, this Court issued an order requiring, in part, that the plaintiff-relator "produce any "banker's boxes" which have not yet been produced and are responsive to Defendants' First Set of Requests for Production . . . ." (Rec. Doc. No. 167 at 16). Although the plaintiff-relator concedes that the defendants did in fact find "relevant material inadvertently not produced in March 2009," the plaintiff-relator claims to have made a good faith effort of production in March of 2009, also noting that the eventual discovery of other relevant material occurred only because he gave defendants total access to all twelve boxes in August of 2009. (Rec. Doc. No. 181 at 2). Defendants also claim that the plaintiff-relator's spoliation of evidence, documented by a video recorded by plaintiff-relator

---

counsel. (Rec. Doc. No. 181 at 27).

showing him sorting through documents in a dumpster, warrants dismissal of the Third Amended Complaint. (Rec. Doc. No. 180 at 15-18).

### 1. Dismissal of the Plaintiff-Relator's Claims

Defendants initially seek the dismissal of the Third Amended Complaint with prejudice. According to Fed. R. Civ. P. 37(b)(2)(A)(v), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part . . . ." In determining whether the sanction of dismissal is appropriate, we will turn to the factors set forth in Poulis v. State Farm Fire & Casualty Co., 1984 747 F.2d 863 (3d Cir. 1984). These factors are as follows:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

Id. at 868 (emphasis in original). Importantly, "'dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff.'" Id. at 866 (quoting Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)). However, even in

6

light of Poulis, the decision of whether to dismiss is not a mechanical one and all of the Poulis factors need not be met for dismissal to be warranted. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (citing C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988)).

After considering the Poulis factors, this Court does not find that dismissal of the Third Amended Complaint with prejudice is warranted. While the defendants allege that the plaintiff-relator has failed to comply with discovery deadlines for an extended period of time, it is worth noting that the plaintiff-relator is currently incarcerated and that his counsel has had unique difficulties in communicating with and obtaining documents from the plaintiff-relator. The plaintiff-relator also did, eventually, make the twelve boxes available to the defendants in August of 2009, though he had failed to make all relevant documents from the twelve boxes available prior to that time. Arguably, the defendants were prejudiced to a certain degree by their not obtaining relevant documents in the twelve boxes prior to August of 2009; however, it is not clear how many documents the defendants did not have access to prior to August of 2009 which were actually relevant. In addition, it appears as though the defendants have similarly been less than forthcoming in their own production of relevant material. See Matlin v. Langkow, 65 Fed. Appx. 373, 382 (3d Cir. 2003) (agreeing "that

dismissal was unwarranted where both parties had violated their discovery obligations"). Plaintiff-relator's counsel claims that he has made a good faith effort at complying with discovery requests, especially in light of the fact that the plaintiff-relator is incarcerated and he turned over all twelve banker's boxes in August of 2009.

In addition, the plaintiff-relator's allegations contained in his complaint, assuming such allegations are established at an eventual trial, support recovery. Also, we believe that alternative sanctions exist which are far less draconian and better tailored to the conduct at issue.[4] As such, we find the sanction of dismissal of the Third Amended Complaint to be inappropriate in the instant case.

### 2. Preclusion of Specific Evidence

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii), a just order may also "include . . . prohibiting the disobedient party from supporting or opposing designated claims or

---

[4] We find the defendants' contention that the plaintiff-relator's alleged spoliation of evidence supports dismissal of the Third Amended Complaint to be similarly unavailing. This Court has reviewed the videotape and, while it does portray the plaintiff-relator discarding certain material from a dumpster, the videotape fails to place in a full enough light the context in which the conduct occurred. For example, the plaintiff-relator has noted the manner in which the material on the videotape initially was discarded by a third party, as well as his attempts to salvage some of the evidence from the elements. We do not believe that this alleged conduct amounts to spoliation that would support the draconian sanction of dismissal of the Third Amended Complaint.

8

defenses, or from introducing designated matters in evidence . . . ." In addition, "[w]hether to impose sanctions for failure to comply with discovery orders is committed to the Court's discretion." Daniels v. Kelchner, 2009 U.S. Dist. LEXIS 23356, *7 (M.D. Pa. Mar. 18, 2009) (citing Flaherty v. M.A. Bruder & Sons, Inc., 202 F.R.D. 137, 141 (E.D. Pa. 2001)).

The plaintiff-relator's conduct, though not worthy of supporting a dismissal of the Third Amended Complaint with prejudice, should be sanctioned. The plaintiff's failure to provide all relevant documents in the twelve banker's boxes, a failure to which plaintiff-relator admits, was dilatory and has hindered the discovery process from at least March of 2009. An appropriate sanction is precluding the plaintiff-relator from introducing as evidence any documents, contained in the twelve banker's boxes, which were withheld prior to August 12, 2009, the date on which plaintiff-relator made available all twelve banker's boxes in full. This sanction is appropriate, as the plaintiff-relator himself has admitted to withholding these documents (Rec. Doc. No. 181 at 2 (conceding that "Defendants indeed found the relevant material inadvertently not produced in March 2009")). This evidence is related to the claims at issue in this Court's June 23, 2009 Order in which we required that the plaintiff-relator "produce any 'banker's boxes' which have not yet been produced and are responsive to Defendants' First Set of Requests

9

for Production . . . ." (Rec. Doc. No. 167 at 16). We would also note that monetary sanctions appear to have been ineffective, as evidenced by the plaintiff-relator's continued delay and initial failure to comply with this Court's July 23, 2009 Order in which we ordered the plaintiff-relator to pay defendants $5,000.00, due within thirty days. (Rec. Doc. No. 170).

As such, we find as an appropriate sanction in the instant matter the barring of plaintiff-relator from introducing as evidence any documents, contained in the twelve banker's boxes, which were withheld prior to August 12, 2009, the date on which plaintiff-relator made available all twelve banker's boxes in full.

### B. Plaintiff-Relator's Motion to Preclude Defendants' Rebuttal Experts

In his brief accompanying his "Motion Pursuant to Fed. R. Civ. P. 37(c)(1) to Bar the Use of Expert Witnesses and Their Reports Untimely Identified and Produced by Defendants," the plaintiff-relator argues that exclusion of the experts' testimony and reports is required under Fed. R. Civ. P. 37(c)(1). Defendants contend that exclusion would be improper, as the reports at issue are proper rebuttal reports.

The parties exchanged expert reports on August 17, 2009, pursuant to the Amended Scheduling Order. (Rec. Doc. No. 184-2 at 2). On that date, plaintiff-relator produced three expert reports from John Meyer, Esquire; Gregory Cowhey;

10

Jason Dombar; and Walter M. Einhorn.  Id. at 3.  Defendants produced two expert reports from Kevin G. McAnaney, Esquire, and Joseph E. Becht, Jr.  Id. at 3.  The parties exchanged rebuttal reports on September 30, 2009.  Id. at 5.  At that time, rebuttal reports prepared by Meyer and McAnaney, which critiqued each individual's initial reports, were exchanged.  Id.

The plaintiff-relator's main point of contention in his motion is the defendants' disclosure of two witnesses, James W. Lord and Simon J. Gisby, as experts to rebut the Dombar and Einhorn reports.  Id. at 6.  The plaintiff-relator contends that Lord and Gisby's rebuttal reports focused on issues of solvency, creditworthiness, and physician compensation, issues that have been at issue through the length of the instant litigation.  As such, the plaintiff-relator argues that these expert reports should have been presented as initial expert reports, and therefore such expert reports introduced as rebuttal reports are untimely, unjustified, and must be excluded.  Id. at 20.  Defendants admit that the Lord report was introduced to contradict rebut issues covered in the Dombar report and that the Gisby report was introduced to contradict or rebut issues covered in the Dombar and Einhorn reports.  (Rec. Doc. No. 188 at 17).  However, defendants argue that these reports were submitted in conformity with this Court's September 4, 2009

Order[5], the Federal Rules of Civil Procedure, and relevant case law. Id. at 9.

We agree with the defendants that the plaintiff-relator's "Motion Pursuant to Fed. R. Civ. P. 37(c)(1) to Bar the Use of Expert Witnesses and Their Reports Untimely Identified and Produced by Defendants" should be denied. The defendants were complying with this Court's September 4, 2009 when they submitted the rebuttal expert reports of Lord and Gisby on September 30, 2009. Lord specifically rebutted in his expert report contentions by Dombar concerning physician compensation levels and cash transfers to the Guthrie Clinic. (Rec. Doc. No. 184, Exhibit 8, at 3-6). In addition, Gisby concluded "that the Clinic could have continued to provide community benefits, although at a reduced amount and still had sufficient EBITDA to secure debt from third parties to meet its obligations." (Rec. Doc. No. 184, Exhibit 9, at 11).

We conclude that the rebuttal expert reports introduced by the defendants were "intended solely to contradict or rebut evidence on the same subject matter identified" by the plaintiff-relator. Fed. R. Civ. P. 26(a)(2)(C); see also Hurd v. Yaeger, 2009 U.S. Dist. LEXIS 72030, *7-8 (M.D. Pa. Aug. 13, 2009). That the defendants did not disclose the fact that they would be submitting such rebuttal

---

[5] This Court's September 4, 2009 Order extended the deadline for the exchange of rebuttal expert reports to September 30, 2009. (Rec. Doc. No. 178).

expert reports as of the initial expert report deadline of August 17, 2009, is of little significance; after all, as the defendants note, prior to August 17, 2009, they had yet to receive the plaintiff-relator's initial expert reports. We will therefore deny the plaintiff-relator's "Motion Pursuant to Fed. R. Civ. P. 37(c)(1) to Bar the Use of Expert Witnesses and Their Reports Untimely Identified and Produced by Defendants," as the rebuttals submitted by defendants under Fed. R. Civ. P. 26 and 37 were proper.

### III.  CONCLUSION

In light of the forgoing, we will grant the defendants' motion for sanctions in part and deny the motion for sanctions in part. (Rec. Doc. No. 179). The defendants' motion is granted to the extent that the plaintiff-relator is precluded from introducing as evidence any documents, contained in the twelve banker's boxes, which were withheld prior to August 12, 2009, the date on which plaintiff-relator made available all twelve banker's boxes in full. In addition, we will deny the plaintiff-relator's "Motion Pursuant to Fed. R. Civ. P. 37(c)(1) to Bar the Use

of Expert Witnesses and Their Reports Untimely Identified and Produced by

Defendants." (Rec. Doc. No. 184).

                                                  s/ James F. McClure, Jr.
                                                  James F. McClure, Jr.
                                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| EX REL RODNEY REPKO, : | |
| : | Civil Action No. 4: 04-CV-1556 |
| Plaintiff, : | |
| : | |
| v. : | |
| : | (Judge McClure) |
| GUTHRIE CLINIC, P.C., et al., : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

January 7, 2010

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

1. Defendant's "Motion for Sanctions" is **GRANTED** to the extent that the plaintiff is precluded from introducing as evidence any documents, contained in the twelve banker's boxes, which were withheld prior to August 12, 2009, the date on which plaintiff-relator made available all twelve banker's boxes in full. (Rec. Doc. No. 179).

15

2. Plaintiff-Relator's "Motion Pursuant to Fed. R. Civ. P. 37(c)(1) to Bar the Use of Expert Witnesses and Their Reports Untimely Identified and Produced by Defendants" is **DENIED**. (Rec. Doc. No. 184).

        s/ James F. McClure, Jr.
        James F. McClure, Jr.
        United States District Judge