IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA EX REL RODNEY REPKO, | : : : | No. 3:04cv1556 |
| Plaintiff | : : | (Judge Munley) |
| v. | : : | |
| GUTHRIE CLINIC, P.C.; GUTHRIE HEALTHCARE SYSTEM, INC.; ROBERT PACKER HOSPITAL; TERENCE DEVINE, M.D.; and GUTHRIE HEALTH, Defendants | : : : : : : : : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is defendants' motion in limine filed in anticipation of the court's hearing on their motion to dismiss. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case involves Relator Rodney J. Repko's claims that Defendants Guthrie Clinic, Guthrie Healthcare System, Robert Packer Hospital, Dr. Terrance Devine and Guthrie Health engaged in large-scale health-care fraud involving millions of dollars in reimbursements from federal programs. Relator Rodney Repko formerly served as General Counsel for the Guthrie Clinic and Guthrie Heathcare System. In July 2004, relator filed a complaint pursuant to the False Claims Act, 31 U.S.C. § 2729.

On June 5, 2006, the United States notified the court that it did not wish to intervene in the case. (Doc. 27). Relator then filed an amended complaint. (Doc. 29). On April 26, 2007, the government again notified the court that it did not intend to intervene in the case. (Doc. 35). Since that time, relator has prosecuted this *qui tam* action alleging fraud on the United States government.

"In broad strokes, the FCA imposes penalties on persons who knowingly submit fraudulent claims to the government." United States ex. rel. Paranich v. Sorgnard, 396 F.3d 326, 332 (3d Cir. 2005). In an attempt to expose "fraud against the government, the FCA incentivizes private individuals aware of such fraud to bring civil actions as relators against those submitting such claims by allowing relators to collect a percentage of any recovery." Id. Before filing a civil "qui tam" action, "the relator must disclose the information regarding the fraud to the government." Id. If the government does not choose to intervene in the action within sixty days, "the relator may continue with the action unless the FCA's jurisdictional bar provision is triggered." Id. That jurisdictional bar provides that:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative, or Government Accounting Office [sic] report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

United Sates ex. rel. Mistick PBT v. Housing Authority of the City of Pittsburgh, 186 F.3d 376, 382 (3d Cir. 1999) (quoting 31 U.S.C. § 3730(e)(4)(A)).

As such, courts have enumerated five elements which, if met, divest courts of jurisdiction over FCA *qui tam* claims: "(1) there was a 'public disclosure; (2) 'in a

2

criminal, civil or administrative hearing, in a congressional, administrative, or Government [General] Accounting Office report, hearing, audit or investigation, or from the news media'; (3) of 'allegations or transactions of the fraud; (4) that the relator's action was 'based upon'; and (5) the relator was not an 'original source' of the information." Paranich, 396 F.3d at 332.  In this context, an "original source" is "'an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.'" Id. (quoting 31 U.S.C. § 3730(e)(4)(B)).  The court must determine whether the jurisdictional bar applies to each of relator's claims.

Defendants have filed a motion to dismiss based on this standard.  The court has scheduled an evidentiary hearing on the issue, and defendants filed the instant motion in limine to preclude certain evidence and testimony.  The parties briefed the issue, bringing the case to its present posture.

**Jurisdiction**

Plaintiff brings this claim pursuant to the False Claims Act, 31 U.S.C. § 2729, et seq.  The court therefore has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Discussion**

The defendants argue that much of the evidence relator seeks to introduce at the hearing goes to the merits of his claims against the defendants, and not

whether the facts of the complaint were publically disclosed or whether relator was an original source of those facts.  The defendants seek to preclude any testimony on the merits of relator's claims.  Likewise, defendants seek to preclude relator from calling Mark Stensager and Kevin Carey, MD, as witnesses at the hearing. They contend that relator plans to call these witness for the sole purpose of testifying on the merits of the case.  Moreover, Dr. Carey, who is not a party, had appointments with eleven patients for medical procedures on the day originally scheduled for the hearing.  Relator did not inform Carey he intended to call the doctor as a witness until shortly before the scheduled hearing.  Relator responds that proving that the allegations in his complaint were not publically disclosed or that he was an original source requires an examination of the evidence supporting those allegations.  As such, he needs to present evidence at the hearing addresses the merits of his claims.  Relator also points out that Dr. Carey served as president of Defendant Guthrie Clinic during the time period in question and Mark Stensager served as president of Defendant Guthrie Health System and Co-CEO of Defendant Guthrie Health.  As such, their testimony is important to understanding whether there were public disclosures of the facts relevant to the complaint.  Relator also points out that the hearing has been rescheduled to May 12, 2011 and thus any concerns about Dr. Carey's schedule have become moot.

      The court will deny the motion.  Defendants' argument is that the evidence relator seeks to introduce is irrelevant to the question at hand in the hearing, whether the court has jurisdiction to hear relator's claims.  "'Relevant evidence' means

4

evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. CIV. P. 401. "Relevant evidence is admissible" unless some other rule of law prevents its admission. FED. R. CIV. P. 402. As a technical matter, defendants are correct that proof of the merits of the claim are not relevant to this court's jurisdiction. Of course, evidence that would make it more or less probable that relator's claims have been publically disclosed or that he was an original source are relevant to the motion and would be admissible. Defendants make no attempt to point to particular evidence that is relevant to claims on the merits but irrelevant to the question raised by the motion to dismiss. In that sense, they do not seek to exclude evidence, but instead seek to prevent the use of evidence for a particular purpose. The court is certainly capable of rendering a decision that uses the evidence introduced at the hearing for the proper purpose. The court's decision on this matter will not address the merits of the claims, but only their disclosure. If, however, there is evidence introduced at the hearing completely irrelevant to the question of whether the claims were publically disclosed or relator an original source of them, defendants may renew their objection.

In addition, the court must hear evidence about the claims themselves to determine whether they were publically disclosed. The Third Circuit Court of Appeals has explained how the court must go about determining whether the claims were publically disclosed. To be disclosed, a claim must be "based upon" a public disclosure. Courts have held that "the term 'based upon' means 'supported by' or

5

'substantially similar to,' not 'actually derived from.'" <u>Paranich v Sorgnard</u>, 396 F.3d at 334 (quoting <u>Mistik</u>, 186 F.3d at 385-388). Moreover, "'a *qui tam* action is 'based upon' a qualifying disclosure if the disclosure sets either the allegations advanced in the *qui tam* action or all of the essential elements of the *qui tam* action's claims." <u>Id.</u> at 335 (quoting <u>Mistik</u>, 186 F.3d at 388). Courts have developed "an algebraic representation of the nature and extent of disclosure required to raise the jurisdictional bar." <u>United States ex rel. Atkinson v. Pennsylvania Shipbuilding Co.</u>, 473 F.3d 506, 519 (3d Cir. 2007). That calculation of fraud is represented by an equation, $X + Y = Z$, where "'Z represents the allegation of fraud and X and Y represent its essential elements." <u>Id.</u> (quoting <u>United States ex rel. Dunleavy v. County of Delaware,</u> 123 F.3d 734, 741 (3d Cir. 1997)). For fraud to have been disclosed, "the combination of X and Y must be revealed, from which readers or listeners may infer Z, i.e., the conclusion that fraud has been committed." <u>Id.</u> Thus, "[t]o draw an inference of fraud, both a misrepresented [X] and a true [Y] state of facts must be publicly disclosed[;] . . . if either Z (fraud) or both X (misrepresented facts) and Y (true facts) are disclosed by way of a listed source, then a relator is barred from bringing suit under §3730(e)(4)(A) unless he is an original source." <u>Id.</u>

This standard, which will guide the court's evaluation of the defendants' motion, requires evidence of the claims here in question. The court needs to know what was publically disclosed, and whether those disclosures provide the basis for the complaint's allegations. While the court does not need to conclude that the evidence actually supports the merits of the complaint, the court must have evidence

6

of public disclosures of both the true state of facts and the misrepresented state of facts in order to conclude that the evidence of the fraud which relator claims occurred had been publically disclosed.  Whether defendants choose to characterize this as evidence of the merits of the fraud claim or as evidence going to public disclosure, that evidence is relevant to the question at issue in the hearing, and may be introduced.  Of course, if the defendants instead choose to argue that no evidence of public disclosure exists, the court's decision on jurisdiction would be a rather simple one.

For the same reasons, the court will allow the testimony of Mr. Stansager and Dr. Levy.  As the date of the hearing has been changed, defendants' motion as it relates to the inconvenience of Dr. Levy's attending the hearing is moot.

**Conclusion**

For the reasons stated above, the court will deny the defendants' motion.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA EX REL RODNEY REPKO,** | : : : | No. 3:04cv1556 |
| Plaintiff | : : | (Judge Munley) |
| v. | : : | |
| **GUTHRIE CLINIC, P.C.; GUTHRIE HEALTHCARE SYSTEM, INC.; ROBERT PACKER HOSPITAL; TERENCE DEVINE, M.D.; and GUTHRIE HEALTH,** | : : : : : : | |
| Defendants | : : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW,** to wit, this 18th day of April 2011, the defendants' motion in limine (Doc. 271) is hereby **DENIED**.

                                        **BY THE COURT**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **UNITED STATES DISTRICT COURT**